IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAN BERNHARD, § | | |
| Plaintiff § | | |
| § | CIVIL ACTION NO. | |
| vs. § | | |
| § | Jury Trial Demanded | |
| DEGRASSE & ROLNICK § | | |
| AND AMERICAN RECOVERY § | | |
| SERVICE INCORPORATED § | | |
| Defendants § | | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6. Plaintiff, Dan Bernhard ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Fort Bend, and City of Katy.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, DeGrasse & Rolnick ("D&R") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. D&R is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

10. Defendant, American Recovery Service Incorporated, ("ARSI") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

11. ARSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than D&R.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than D&R, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than D&R.

15. D&R uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than ARSI, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

17.     Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than ARSI.

18.     ARSI uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

19.     ARSI is thoroughly enmeshed in the debt collection business, and ARSI is a significant participant in D&R's debt collection process.

20.     Defendant D&R, itself and on behalf of Defendant ARSI, sent Plaintiff written communication dated December 30, 2010, in which Defendant:

   a.     Failed to notify Plaintiff that ARSI was participating in the collection of the alleged debt;

   b.     Failed to notify Plaintiff that upon Plaintiff's written request within the thirty-day period following the communication, that Defendants

would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

As such, Defendants failed to meaningfully convey the notices required pursuant to 15 U.S.C. § 1692g(a) et seq.

21. Defendant D&R, itself and on behalf of Defendant ARSI, sent Plaintiff written communication dated December 30, 2010, in which Defendant stated above the required disclosures pursuant to § 1692g(a) et seq., in relevant part, as follows:

> Demand is hereby made that you pay to American Express Bank, FSB, through this office, that amount within ten (10) days of the date of receipt of this letter. Failure on your part to do so will result in a filing of a lawsuit against you in a Court competent jurisdiction. Should a lawsuit be necessary then we will be seeking not only the amount due but also costs of Court and attorney fees as provided by Section 38.001 of the Texas Civil Practice and Remedies Code. Hopefully, that will not be necessary.

In having threatened Plaintiff with litigation in the initial correspondence, and further demanding payment by a date certain which came before the expiration of the initial thirty (30) day dispute period, Defendants overshadowed the notices required pursuant to 15 U.S.C. § 1692g(a) et seq.

22. Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT D&R

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant D&R violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that D&R violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT ARSI

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant ARSI violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ARSI violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—VIOLATIONS OF THE TDCPA
## DEFENDANT D&R

27. Plaintiff repeats and re-alleges each and every allegation above.

28. Defendant D&R violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant D&R violated the TDCPA;

    b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—VIOLATIONS OF THE TDCPA
## DEFENDANT ARSI

29. Plaintiff repeats and re-alleges each and every allegation above.

30. Defendant ARSI violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant ARSI violated the TDCPA;

   b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

   c) Awarding Plaintiff actual damages pursuant to the TDCPA;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V—VIOLATIONS OF THE DTPA
### DEFENDANT D&R

31. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

32. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

33. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

    b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

    c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V—VIOLATIONS OF THE DTPA
### DEFENDANT ARSI

34. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

35. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

36. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

h) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

i) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on May 6, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz